CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/2/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| **TAMMY P.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 6:19-CV-1 |
| | ) | |
| v. | ) | |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | **By: Hon. Robert S. Ballou** |
| **Acting Commissioner of Social Security,** | ) | **United States Magistrate Judge** |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This social security appeal is before the Court on Plaintiff's Motion for Attorney Fees, which is contested by the Commissioner. Dkt. 30. I **RECOMMEND** that the court **DENY** Plaintiff's request for attorney fees, because the Government's position was substantially justified in this case.

I.   PROCEDURAL BACKGROUND

Plaintiff Tammy P. ("Tammy") filed applications for supplemental security income and disability insurance benefits under the Social Security Act. On November 15, 2017, Administrative Law Judge ("ALJ") Jeffrey Schueler issued a decision denying Tammy's claim for benefits. R. 10–25. The Appeals Council denied Tammy's request for review. R. 1–6. On January 4, 2019, Tammy filed this case under 42 U.S.C. § 405(g), seeking review of the administrative determination and requesting remand. Tammy's brief in support of her Motion for Summary Judgment argued, for the first time in this case, that ALJ Schueler had not been properly appointed based on the Appointments Clause, citing Lucia v SEC, 138 S. Ct. 2044 (2018). Dkt. 16. The Commissioner asserted that Tammy's challenge to the ALJ's appointment

was not timely made during the administrative process, as required by Lucia, and was thus forfeited. I entered a Report and Recommendation, noting that the Fourth Circuit had not ruled on the issue of whether Appointments Clause challenges are forfeited if not raised during the administrative process, and there was a split in authority in district courts within the Fourth Circuit. Dkt. 20. I also noted that there were multiple cases directly on point pending on appeal to the Fourth Circuit, which would likely create binding precedent in the near future. Dkt. 21, p. 23.

On September 9, 2020, the presiding District Judge entered an Order staying review of the Report and Recommendation pending the Fourth Circuit's decision in a case with the same legal issue, Probst v. Saul, 980 F.3d 1015 (4th Cir. 2020). Dkt. 23. The court's Order noted, "[l]ower courts in the Fourth Circuit have split on the question." Id. On November 20, 2020, the Fourth Circuit entered a decision in Probst v. Saul, finding that claimants for Social Security disability benefits do not forfeit Appointments Clause challenges by failing to raise them during the administrative proceeding. 980 F.3d 1015 (4th Cir. 2020).

On June 4, 2021, the Commissioner filed a Motion to Remand this matter to the Commissioner for referral to a different ALJ, pursuant to sentence four of 42 U.S.C. § 405(g). The Court granted the Commissioner's motion and remanded this case on June 4, 2021. On June 30, 2021, Tammy filed a motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), seeking $8,162.90 in fees and $16.80 in costs. Dkt. 31.

II.     ANALYSIS

The Equal Access to Justice Act ("EAJA") allows the recovery of litigation expenses in certain civil actions brought by or against the United States. 28 U.S.C. § 2412. A party other than the United States may recover these expenses, including attorney's fees and costs. Id.

§ 2412(d)(1)(A). The EAJA requires an award of fees to a claimant against the Government if: (1) the plaintiff is a prevailing party; (2) the Government's position was not substantially justified; and (3) there are no special circumstances making the award unjust. Id.  The Government has the burden of proving substantial justification. Scarborough v. Principi, 541 U.S. 401, 414 (2004).

"'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.'" EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Government does not need to "prevail in an action for its position to have been substantially justified." Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014). Instead, "the Government will avoid paying fees as long as 'a reasonable person could [have thought]' that its litigation position was 'correct.'" Id. (quoting Pierce, 487 U.S. at 566, n. 2).

The parties do not contest that Tammy is the prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 301 (1993) (holding that the party is a prevailing one if the court remanded the case pursuant to 42 U.S.C. § 405(g), fourth sentence). Accordingly, the remaining issue is whether the Commissioner's position was substantially justified.

The Commissioner asserted that Tammy forfeited the right to raise an Appointments Clause challenge in district court because Tammy failed to raise it during the administrative proceedings. In Lucia v. SEC, the Supreme Court held that ALJs must be appointed consistent with the Constitution's Appointment Clause, and a litigant who participated in a proceeding before an improperly appointed ALJ and who raised a "timely" Appointments Clause challenge to that ALJ was entitled to a new administrative proceeding before a different, properly appointed ALJ. Lucia, 138 S. Ct. at 2055. The Supreme Court did not define what qualified as a

3

"timely" challenge, and the plaintiff in Lucia had raised a challenge during the administrative proceeding stage. Id. Thus, the Supreme Court in Lucia did not address the issue in this case—whether Tammy forfeited the right to raise an Appointments Clause challenge by failing to raise it during the administrative proceedings. The Supreme Court recently determined "what would constitute a 'timely' objection in an administrative review scheme like the SSA's" in Carr v. Saul, 141 S. Ct. 1352, 1362 (2021), holding that SSA claimants are not required to raise an Appointments Clause challenge at the administrative agency level. Id.

The Commissioner raised the forfeiture argument in this case prior to the Carr decision, when it was still an unsettled legal issue. Indeed, in its initial brief on the issue, the Commissioner explained that many district courts across the country rejected Appointments Clause challenges to SSA ALJs where the plaintiff failed to raise the issue during administrative proceedings. Dkt. 16. See Flynn v. Saul, No. 19-0058, 2021 WL 2577146, at *4 (E.D. Pa. June 22, 2021) ("Many courts agreed with Commissioner's litigation position of requiring administrative exhaustion.") (citing cases).

"Prior to the Supreme Court's decision in Carr, there was a marked split of authority with regard to the appointments clause issue, including amount the circuits." Dewonkiee B. v. Comm'r, No. 5:19-cv-0503, 2021 WL 3417842, at *3 (N.D.N.Y. Aug. 5, 2021). The Third Circuit was the first federal appellate court to decide a case on this topic, and "embraced [a] minority opinion," and "declined to enforce" the requirement that claimants must present Appointments Clause challenges before an ALJ or Appeals Council to preserve the challenge for federal court review. Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020). Two other Circuit Courts addressed this issue after Cirko and concluded that claimants forfeited their challenges when they failed to raise them at the administrative level. See Davis v. Saul, 963 F.3d

4

790 (8th Cir. 2020); Carr v. Comm'r, 961 F.3d 1267, 1268 (10th Cir. 2020). The Fourth and Sixth Circuits both held the opposite, finding that claimants may challenge the constitutionality of an SSA ALJ's appointment for the first time in federal court. See Probst v. Saul, 980 F.3d 1015 (4th Cir. 2020); Ramsey v. Comm'r, 973 F.3d 537 (6th Cir. 2020). This split in the federal district and circuit court levels prompted the Supreme Court to grant certiorari and eventually settle the issue with its opinion in Carr.

Accordingly, the Commissioner's argument that Tammy forfeited her Appointments Clause argument by failing to raise it at the administrative level had a reasonable basis in law and fact prior to the Probst and Carr decisions. "The government's position can be substantially justified when the status of law is unsettled, in flux, or one of first impression on a novel and difficult issue because the EAJA was in part designed to ensure the government is not deterred from advancing in good faith novel, but credible interpretations of the law." McCary-Banister v. Saul, No. SA-19-CV-782, 2021 WL 3494606, at * 3 (W.D. Tex. Aug. 9, 2021) (citing Griffon v. U.S. Dep't of Health & Hum. Servs., 832 F.2d 51, 52–53 (5th Cir. 1987)); see Cortese v. Comm'r of Soc. Sec, No. 18-3437, 2020 WL 2745741, at *1 (E.D. Pa. May 27, 2020) ("Losing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification for his position and is not the basis for a fee award to a claimant under the Act.").

Courts in other jurisdictions have found that the Commissioner's position on this issue was substantially justified. See Jones v. Saul, No. 1:19-cv-275, 2021 WL 5600621, at *4 (W.D.N.C. Nov. 30, 2021) (finding the Commissioner's position substantially justified and denying a request for attorneys' fees); Leone v. Comm'r, No. 2:19-cv-245, 2021 WL 3732914, at *3 (M.D. Fl. Aug. 24, 2021) (same); Dewonkiee B. v. Comm'r, No. 5:19-cv-0503, 2021 WL 3417842, at *3 (N.D.N.Y. Aug. 5, 2021) (same); Dove-Ridgeway v. Saul, No. 1:19-cv-35, 2021

WL 1827206, at * 7 (D. Del. May 7, 2021) (same). Courts within the Eastern District of Pennsylvania have ruled both ways on this issue, as noted in McNeish v. Saul, No. 18-582, 2020 WL 4060322, at *6 (E.D. Pa. July 20, 2020):

> The majority of judges in this district agree with this court's finding that the Commissioner's litigation position was substantially justified. In Byrd, the court came to a different conclusion than most of the judges who have addressed this issue in this district, and found that the Commissioner's litigation position was not substantially justified because the Commissioner's litigation position and other Eastern District of Pennsylvania judges' analyses did not account for Sims v. Apfel, 530 U.S. 103 (2000). 2020 WL 3469031, at *2–3. In Sims, the Supreme Court found that claimants need not exhaust issues before the Social Security Administration's Appeals Council to obtain judicial review of those claims. See Cirko, 948 F.3d at 155 (explaining holding in Sims). However, Sims did "not dictate the answer" to whether a claimant must exhaust an issue before a Social Security Administration ALJ. Id. Therefore, this court disagrees with the Byrd analysis and finds that Sims does not vitiate the finding that the Commissioner's litigation position was substantially justified prior to Cirko.

Id. at *6 (internal citations omitted).

This issue was unsettled before the Fourth Circuit and Supreme Court issued the decisions in Carr and Probst; thus, I find that the Commissioner's legal position had a reasonable basis in law and fact during the pendency of this action. Reasonable minds, as evidenced by the split in the federal district and circuit courts, could and did reach different conclusions. Indeed, in the order staying this case pending a ruling by the Fourth Circuit, this Court noted that lower courts within this district were split on the question, and a "smaller subset" of courts held that a claimant does not forfeit an Appointments Clause challenge by failing to raise it at the administrative level. Dkt. 23, p. 1.

Thus, the Commissioner had substantial justification for its legal position that Tammy forfeited her Appointments Clause challenge by failing to raise it during the administrative proceedings in this case, and the EAJA does not support an award of attorneys' fees.

### III. CONCLUSION

I **RECOMMEND** that the Court enter an order **DENYING** Plaintiff's Motion for Attorneys' Fees. Dkt. 30.

The Clerk is directed to transmit the record in this case to Norman K. Moon, Senior United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within 14 days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection, including a waiver of the right to appeal.

    Entered: December 2, 2021

    *Robert S. Ballou*

    Robert S. Ballou
    United States Magistrate Judge