CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/16/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TAMMY P.,<br>        *Plaintiff,*<br>v.<br>KILOLO KIJAKAZI,<br>        *Defendant.* | CASE NO. 6:19-cv-00001<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed by Plaintiff Tammy P. ("Plaintiff"). Dkt. 30. Plaintiff's motion will be denied because the Government's litigation position was substantially justified.

### I. Background

  On November 15, 2017, an administrative law judge ("ALJ") denied Plaintiff's application for supplemental security income and disability insurance benefits under the Social Security Act. Dkt. 10-1 p. 30. Following an unsuccessful appeal before the Social Security Administration's Appeals Council, Plaintiff filed a complaint in this Court under 42 U.S.C. § 405(g) seeking review of the administrative determination and requesting remand. Dkt. 1. In her brief in support of her motion for summary judgment, Plaintiff argued, for the first time, that the ALJ's decision against her should be vacated because the ALJ was not properly appointed under the Appointments Clause following the Supreme Court's decision in *Lucia v. SEC*. *See* 138 S.Ct. 2044, 2055 (2018) (holding that Securities and Exchange Commission ALJs are "Officers of the

United States" and must therefore be appointed pursuant to the Appointments Clause of the United States Constitution). Dkt. 16 pp. 22–24. The Government disagreed, taking the position that Plaintiff forfeited any Appointments Clause challenge by failing to raise the issue before the ALJ. Dkt. 18 pp. 12–19.

Noting a split of authority among district courts within the Fourth Circuit, the Magistrate Judge agreed with the Government and recommended that the Court deny Plaintiff's motion. Dkt. 21 pp. 20–26. However, on September 9, 2020, the Court entered an order staying review of the Magistrate's Report and Recommendation ("R&R") pending the Fourth Circuit's decision in *Probst v. Saul*, No. 19-1529, which dealt with the same issue. Dkt. 23. The Court's order noted that "[l]ower courts in the Fourth Circuit have split on the question." *Id*. at 1.

On November 20, 2020, the Fourth Circuit issued its opinion in *Probst*, holding that claimants for social security benefits do *not* forfeit an Appointments Clause challenge by failing to raise it before the ALJ. 980 F.3d 1015, 1020 (4th Cir. 2020). In doing so, the Fourth Circuit acknowledged that it was exacerbating a circuit split on the issue. *Id*. at 1019 (noting that the Third and Sixth Circuits rejected the Government's forfeiture argument but the Eighth and Tenth Circuits adopted it). Five months later, on April 22, 2021, the Supreme Court resolved the split by siding with the Third, Fourth, and Sixth Circuits. *See Carr v. Saul*, 141 S.Ct. 1352, 1362 (2021). The Commissioner filed a motion to remand pursuant to the fourth sentence of 42 U.S.G. § 405(g) shortly thereafter so that Plaintiff's case could be heard before a properly appointed ALJ. Dkt. 27. The Court granted the Commissioner's motion and remanded the case that same day. Dkt. 28.

On June 30, 2021, Plaintiff filed the instant motion for attorney's fees. Dkt. 30. The Government filed an opposition brief on September 8, 2021, Dkt. 32, and Plaintiff filed her reply

on September 13, 2021, Dkt. 33. The Magistrate issued an R&R on December 2, 2021, in which he recommended that the Court deny Plaintiff's motion because the Government's position was substantially justified. Dkt. 34. Plaintiff filed her objections to the R&R on December 10, 2021, Dkt. 35, and the Government responded on December 16, 2021, Dkt. 37. The issue is now ripe for decision.

## II. Standard of Review

The Court conducts a de novo review of those portions of the R&R to which Plaintiff objects. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## III. Analysis

The EAJA allows certain litigants who prevail against the United States to recover attorney's fees "unless the Court finds that the position of the United States was substantially justified" or "special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A).[1] The Supreme Court has explained that a litigation position is substantially justified when it has "a reasonable basis in law and fact"—i.e., when a reasonable person could have taken the position to be correct. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

---

[1] It is undisputed that Plaintiff is the prevailing party under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993) (holding that a social security plaintiff is the prevailing party when her case is remanded pursuant to the fourth sentence of 42 U.S.G. § 405(g)). The dispute is solely over whether the Government's forfeiture argument was substantially justified.

The Government raised its forfeiture argument prior to both *Probst* and *Carr* and at a time when many district courts within the Fourth Circuit found the Government's position well taken. This Court agrees with others that "[s]uch widespread legal support strongly suggests that the Government's litigation position was reasonable in law and fact." *Diane P. v. Kijakazi*, No. 4:17-cv-143, 2022 WL 135915 *2 (E.D. Va. Jan. 10, 2022) (Davis, C.J.) (finding Government's position that Appointments Clause challenge was waived for failure to raise it before ALJ substantially justified under EAJA before *Probst* and *Carr*). *See also Pierce,* 487 U.S. at 569 (noting that while "the fact that one other court agreed with the Government does not establish whether its position was substantially justified . . . a string of losses can be indicative; *and even more so a string of successes*.) (emphasis added); *Thomas v. Saul*, 816 F. App'x 835, 839 (4th Cir. July 7, 2020) ("Given that Western District Judges had repeatedly ruled in the Commission's favor, it is difficult to find that the Commissioner's position was unjustified."). The fact that multiple circuit courts would eventually adopt the Government's position also supports the conclusion that the position was reasonable. *See Diane P.*, *2 n.2.

Notwithstanding the positive reception from numerous federal judges, Plaintiff asserts in her objections to the R&R that the Government's litigation position was unreasonable in light of the "long-standing principle that the failure to raise a constitutional claim before the Social Security Administration does not bar a claimant from raising the issue in District Court" and because the Commissioner's position amounted to an attempt "to relitigate the holding in *Sims* [*v. Apfel*, 530 U.S. 103 (2000)]." Dkt. 35 pp. 1–2. As authority for the "long-standing principle" that one does not forfeit constitutional issues by failing to raise them in administrative proceedings, Plaintiff cites a single footnote of the Supreme Court's decision in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The footnote states: "If Eldridge had exhausted the full set of

available administrative review procedures, failure to have raised his constitutional claim would not bar him from asserting it later in a district court." *Id*. at 329 n.10. Regardless of how this statement was taken in 1976, it was reasonable in 2020, when the Government's brief was filed, to think that it did not foreclose their argument. The intervening half-century of Supreme Court jurisprudence casts into serious doubt the notion that constitutional issues are absolutely immune from administrative exhaustion requirements. *See Woodford v. Ngo*, 548 U.S. 81, 114 (2006) (Stevens, J., dissenting) (citing *Eldridge* footnote and objecting to majority's application of an administrative exhaustion requirement to a constitutional claim); *Freytag v. C.I.R.*, 501 U.S. 868, 893 (1991) (Scalia, J., concurring) (noting that the majority opinion declined to adopt petitioner's argument for "a general rule that 'structural' constitutional rights as a class simply *cannot* be forfeited."). *See also Davis v. Saul*, 963 F.3d 790, 794 (8th Cir. 2020) (reading the *Eldridge* footnote to mean that "a claimant need not litigate *certain* constitutional questions in order to satisfy the *jurisdictional* requirement of the judicial review statute") (first emphasis added); *Carr v. Commissioner*, 961 F.3d 1267, 1275 (10th Cir. 2020).[2]

Neither did *Sims* foreclose the Government's argument. In *Sims*, the Supreme Court held that a Social Security claimant who raises an issue before an ALJ need not raise the same issue before the Appeals Council to preserve it for judicial review. 530 U.S. at 112. But *Sims* explicitly left open the question whether a social security claimant forfeits issues not raised before the ALJ.

---

[2] Breyer's dissent in *Sims* passingly cited the *Eldridge* footnote as authority for a constitutional issues exception. *See* 530 U.S. at 115. But it is not unreasonable to take a litigation position because it is at odds with one line of a dissenting opinion. Moreover, though it post-dates the Government's brief, it lends at least some support to the reasonableness of the Government's position that *Carr* understood the *Eldridge* footnote only to mean that "it is *sometimes* appropriate for courts to entertain constitutional challenges to statutes or other agency-wide policies even when those challenges were not raised in administrative proceedings." 141 S.Ct. at 1360 (emphasis added).

*See id*. at 107 ("Whether a claimant must exhaust issues before the ALJ is not before us."). Nor did the reasoning of *Sims* render the outcome of *Carr* a foregone conclusion. *Sims* was a splintered opinion, in which five justices found that ordinary issue exhaustion requirements should not apply to Appeals Council proceedings due to certain characteristics of those proceedings. *Id*. at 110. *See also id*. at 113 (O'Connor, J., joining Parts I and II-A of plurality opinion and concurring in the judgment). The four justices in the majority pointed specifically to the fact that Appeals Council proceedings are nonadversarial, concluding that issue exhaustion makes little sense where "[t]he Council, not the claimant, has primary responsibility for identifying and developing the issues." *Sims*, 530 U.S. at 112. While Justice O'Connor agreed that the argument for an issue exhaustion requirement is weaker with respect to nonadversarial administrative proceedings, she wrote separately to express her view that "the agency's failure to notify claimants of an issue exhaustion requirement in this context [was] a sufficient basis for [the] decision." *Id*. at 113.

      The fractured majority's focus on the nature of the administrative proceeding at issue does not represent the bounds of reasonable argument in this area. *Sims* was a break from the Court's previous emphasis, which was "orderly procedure and good administration"—i.e., efficient resolution of issues. *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952). *See also McCarthy v. Madigan*, 503 U.S. 140, 146 (1992) (instructing courts to balance "the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion."). Given the novel, limited, and fractured nature of *Sims*'s holding, it was not unreasonable for the Government (and lower court judges) to appeal to institutional interests—a line of argument with a long-standing pedigree—in advocating a different outcome with respect to ALJ proceedings. *Cf. Sims*, 530 U.S. at 116–17

(Breyer, J., dissenting) (describing the majority as creating a "new exception" and noting that "ordinary 'exhaustion of remedies' rules are particularly important in Social Security cases, where the Appeals Council is asked to process over 100,000 claims each year."). *See also id*. at 117 ("Nor, with one exception, do I see why the nonadversarial nature of the Social Security Administration internal appellate process makes a difference.").

Moreover, even in concluding that Appeals Council proceedings are insufficiently adversarial to justify an issue exhaustion requirement, the *Carr* opinion acknowledged "several differences that may make ALJ hearings relatively more adversarial" than Appeals Council proceedings:

> For one, ALJ hearings are typically available as a matter of right, while Appeals Council review is discretionary. Compare 20 CFR § 404.957 with § 404.967. Most claimants thus submit no more than a one-page request for review to the Appeals Council before having their request denied. Mandatory ALJ proceedings, by contrast, present far more opportunities for claimants to press issues, and the SSA consequently relies more heavily on those proceedings to "conduc[t the agency's] principal and most thorough investigation of ... disability claim[s]." Brief for Respondent 35–36. Additionally, before every hearing, the SSA mails claimants a "notice of hearing" that includes logistical information and lists the "[t]he specific issues to be decided in [the] case." § 404.938(b)(1). Claimants must notify the ALJ in writing if they "object to the issues to be decided at the hearing." § 404.939. Similarly, SSA conflict-of-interest regulations instruct claimants to "notify the [ALJ] at [the] earliest opportunity" if they "object to the [ALJ] who will conduct [their] hearing." § 404.940.

141 S.Ct. at 1360. These differences were sufficiently significant that the majority in *Carr* had to look beyond *Sims*, to considerations unique to the Appointments Clause specifically, to "tip the scales" against finding issue forfeiture. *Id*.

Again, the operative question is not whether the Government's position was correct, but whether a reasonable person could have thought it to be. Given that the Supreme Court had left it

an open question whether social security proceedings before an ALJ were sufficiently adversarial to justify an issue exhaustion requirement, and that lower courts were split on the question, this Court cannot find that the Government's position was unreasonable.

## IV. Conclusion

For the reasons stated above, the Court finds that the Government's litigation position was substantially justified. Therefore, the Court will adopt the Magistrate's R&R, Dkt. 34, and deny Plaintiff's motion for attorney's fees, Dkt. 30.

\* \* \* \*

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this  16th  day of May 2022.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE